Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**ROBERT JOHN COLE**, *et al.*,

    Plaintiffs,

    v.

**TOWNSHIP OF WAYNE**, *et al.*,

    Defendants.

Civil Action No. 17-6703 (ES) (JSA)

MEMORANDUM ORDER

**SALAS, DISTRICT JUDGE**

It appearing that:

    1.    On September 1, 2017, Plaintiffs Robert John Cole and Marie Victoria Cole, proceeding *pro se*, filed this suit against various defendants asserting various claims. (D.E. No. 1). In particular, in their Second Amended Complaint filed on March 16, 2018, Plaintiffs asserted claims under 42 U.S.C. § 1983 against Defendants Township of Wayne, Township of Wayne Police Department, Officer Jack Parr, Officer Corporal Agnes, Officer Sanders, Prosecutor Thomas R. Melani, Lisa Michele Scorsolini, Loris Petruska Ellicott, Ann T. Rubino, Lynda Kemmerer Ladd, Ronique Lakeya Matthews, and Eric Charles Suljic, for violating the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments. (D.E. No. 33, Second Amended Complaint). On April 29, 2021, the Court granted Defendants' motion to dismiss in part but denied it with respect to Plaintiffs' claim against Lynda Ladd for violating their Fourth Amendment right against unreasonable seizure and search. (D.E. No. 66). Ladd now moves to dismiss that remaining claim against her for Plaintiffs' failure to comply with court orders and discovery and otherwise for their failure to prosecute this action. (D.E. No. 102; *see also* D.E. No. 102-1 ("Mov. Br.")). Plaintiffs

have not responded to the motion.

2. "District court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "The Federal Rules of Civil Procedure and the United States Supreme Court have recognized and provided for this practice." *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 629 (1962); Fed. R. Civ. P. 16(f), 37(b)(2), 41(b)). The Third Circuit has set forth six factors to consider when determining whether to dismiss a plaintiff's complaint for failure to comply with discovery or court orders and otherwise for failure to prosecute his or her case. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Those factors, known as the *Poulis* factors, include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* Not all factors need to be satisfied to justify dismissal, and no factor is alone dispositive. *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019).

3. "The first factor asks whether the party himself, as opposed to the party's counsel, 'bears personal responsibility for the action or inaction which led to the dismissal.'" *Cox v. UPS*, 753 F. App'x 103, 105 (3d Cir. 2018). Where, as here, a plaintiff is unrepresented by counsel, the answer to this inquiry is simple: "a *pro se* plaintiff is responsible for his failure to . . . comply with a court's orders." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). "Moreover, it is logical to hold a *pro se* plaintiff personally responsible for delays in his case because a *pro se* plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." *Id.* at 258–59. Accordingly, Plaintiffs bear sole responsibility

for their failures, documented below, in prosecuting this action and engaging in discovery.

4. As for the second factor, "[p]rejudice to the adversary is a particularly important factor in the *Poulis* analysis, and evidence of 'true prejudice . . . bear[s] substantial weight in support of a dismissal.'" *Hildebrand*, 923 F.3d at 134. Relevant examples of prejudice include "the burden that a party must bear when forced to file motions in response to the strategic discovery tactics of an adversary," and "the burden imposed by impeding a party's ability prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 223 (3d Cir. 2003). Here, Plaintiffs' failure to prosecute this matter and engage in discovery has caused Ladd significant prejudice. Plaintiffs' repeated and prolonged refusal to comply with discovery and court orders, documented below, has left Ladd little choice but to file motions to compel, for extensions of time, and now to dismiss. Ladd has been forced to expend, and thereby waste, necessary resources trying to engage in discovery and defend this matter in response to Plaintiffs' dilatory and bad faith litigation conduct. Ladd has been forced to incur unnecessary legal fees for her continued unfruitful attempts to obtain discovery from Plaintiffs. In addition, months of delays have accrued, and Ladd still has been unable to obtain the discovery she needs to properly construct a defense to the claim against her. Plaintiffs have, in essence, stopped litigating the matter. Accordingly, the Court finds that this factor weighs in favor of dismissal.

5. The third and fourth *Poulis* factors require a court to consider the extent and history of the plaintiff's dilatoriness and whether he or she has acted willfully or in bad faith. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness . . . ." *Adams v. Trs. Of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994). In evaluating bad faith, "a court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as failing to answer interrogatories for nearly a year and a half,

demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Hildebrand*, 923 F.3d at 135.  A court may consider whether the litigant has a justification for his or her failure to prosecute, whether extensions have been requested, and other conduct that may be indicative of the litigant's motives.  *See In re New Century TRS Holdings, Inc.*, 619 F. App'x 46, 48 (3d Cir. 2015).

6. Here, as outlined in Ladd's moving brief, Plaintiffs have a history of dilatory behavior, and their behavior has been willful.  (Mov. Br. at 2–4 & 6).  After the Court permitted a limited aspect of their Second Amended Complaint to proceed, Magistrate Judge Allen issued a pretrial scheduling order on June 29, 2021, specifying that interrogatories should be served on or before August 15, 2021, with answers following within thirty days.  (D.E. No. 73).  The scheduling order warned the parties that failure to comply could result in sanctions.  (*Id.*).  Yet, despite Ladd timely serving her interrogatories and reminding Plaintiffs of their duty to respond, Plaintiff never provided answers or served interrogatories of their own.  (D.E. No. 102-2, Exs. A & B).  On September 14, 2021, Ladd served Plaintiffs notices to take depositions on October 5, 2021.  (D.E. No. 102-2, Ex. C).  Plaintiff Marie Cole indicated they could not attend due to health reasons, but they made no effort to reschedule, despite Ladd's counsel contacting her to do so.  (D.E. No. 102-2, Ex. D).  In a text order dated September 10, 2021, Magistrate Judge Allen noted that Plaintiffs failed to attend a scheduled teleconference, and Her Honor ordered the parties to file individual letters indicating the status of discovery.  (D.E. No. 75).  Ladd responded on September 22, 2021, noting Plaintiffs' discovery deficiencies.  (D.E. No. 78).  Plaintiffs filed a letter the following day, but the letter did not apprise Judge Allen as to the status of discovery or explain their failure to comply with discovery.  (D.E. No. 79).  Instead, Plaintiffs accused Defendants of additional misconduct unrelated to discovery.  (*Id.*).  Plaintiffs continued to disregard their discovery

4

obligations, forcing Ladd to request an extension to the scheduling order on October 14, 2021. (D.E. No. 91). Magistrate Judge Allen granted the request and directed Plaintiffs "to provide fully responsive answers and documents to Defendant Ladd's written discovery requests." (D.E. No. 93). Magistrate Judge Allen specified that "[t]here shall be no further extensions of the fact discovery deadline absent good cause." (*Id.*). Plaintiffs failed to comply with Magistrate Judge Allen's order. Plaintiffs thereafter continued to refuse to respond to Ladd's attempts at obtaining discovery. (D.E. No. 102-2, Exs. F & G). At Ladd's request, Judge Allen issued an order compelling Plaintiffs to submit to depositions on February 3, 2022. (D.E. No. 99). Judge Allen explained that "Plaintiffs' failure to appear for their respective depositions on February 3, 2022 may lead to sanctions, up to and including, dismissal of their case, pursuant to Rules 30 and 37(d) of the Federal Rules of Civil Procedure." (*Id.*). Plaintiffs did not appear at their depositions. Ladd thereafter sought leave to file a motion to dismiss. (D.E. No. 100). After Magistrate Judge Allen granted leave (D.E. No. 101), Ladd filed the pending motion (D.E. No. 102). Plaintiffs have not responded to the motion, nor have they taken any other action in this case.

7. Plaintiffs' repeated noncompliance reflects recalcitrant and dilatory behavior. While they initially indicated they were experiencing health issues, they have made no attempt at compromise, despite Ladd's repeated efforts. They have failed to respond to court orders, comply with court orders, or even request extensions for their discovery obligations. Their conduct has also been willful. Despite their health issues, they managed to file baseless and duplicative motions, such as to amend, for pro bono counsel, and for preliminary injunctive relief, all of which were repeatedly denied. (*E.g.*, D.E. Nos. 63, 65, 74, 77, 80 & 84–87). And during their time of noncompliance, they managed to file requests for public records on the Township of Wayne. (D.E. No. 102-2, Ex. H). Accordingly, the third and fourth factors weigh in favor of dismissal.

8. As for the fifth factor, "[a] district court must consider alternative sanctions before dismissing a case with prejudice." *Briscoe*, 538 F.3d at 262. Alternative sanctions need not be completely ameliorative and place the aggrieved party in the position it was in prior to the dilatory behavior. *See Hildebrand*, 923 F.3d at 136. Rather, alternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency. *Id.* Here, dismissal is the most appropriate sanction in this matter. Alternative sanctions indeed would not be adequate. Because Plaintiffs are proceeding *pro se*, they have no attorney upon whom the Court could impose sanctions for failing to comply with the Court's orders. *See Briscoe*, 538 F.3d at 263. Moreover, because Plaintiffs are proceeding *in forma pauperis*, they would not be able to pay monetary sanctions. *See id.* Staying further proceedings would not sanction Plaintiffs but rather reward them for stalling. *See Cox*, 753 F. App'x at 106. Threats of contempt are unlikely to induce Plaintiffs' compliance in light of his history of dilatoriness and unwillingness to obey the Court's orders. *See id.* Finally, any appropriate evidentiary sanction would be tantamount to a dismissal and would only delay entering judgment against Plaintiffs. *See id.* Accordingly, the Court finds that the fifth factor weighs in favor of dismissal.

9. Finally, the sixth factor requires the Court to assess the merits of Plaintiffs' claim. In determining whether a plaintiff's claim is meritorious for the purpose of considering a motion to dismiss for failure to prosecute, courts use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe*, 538 F.3d at 263; *Hildebrand*, 923 F.3d at 137. Using that standard, courts deem "[a] claim . . . meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." *Poulis*, 747 F.2d at 869–70. Here, under this standard, Plaintiffs' claim, if proven at trial, has some merit. Plaintiffs allege sufficient facts to plausibly state a Fourth Amendment claim against Ladd for entering and searching their

property without a warrant. However, the true merit of Plaintiffs' claim cannot adequately be determined without discovery, which they have refused to participate in. Accordingly, while the Court finds that this factor weighs against dismissal, it is of minimal value.

10. On balance, the Court finds that the *Poulis* factors weigh in favor of dismissal. Although Plaintiffs' claim, if proven at trial, has some merit, that factor is not alone dispositive, and the other five factors weigh decisively in favor of dismissal. Plaintiffs bear sole responsibility for their dilatory and recalcitrant conduct, and they have showed every indication that their bad faith conduct would continue should this case proceed.

Accordingly, IT IS on this 22nd day of August 2022,

**ORDERED** that Defendants' motion to dismiss (D.E. No. 102) is **GRANTED**; and it is further

**ORDERED** that the remaining count against Lynda Ladd is **DISMISSED** *with prejudice*; and it is further

**ORDERED** that the Clerk of Court is directed to mark this matter **CLOSED**.

Hon. Esther Salas, U.S.D.J.

7